IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------   X

THE BRONX CONSERVATORY OF
MUSIC, INC.,                                            :

              Plaintiff,                          :

        v.                                          :

PHILIP KWOKA and THE BRONX
SCHOOL FOR MUSIC, INC.                                 :

           Defendants.                            :

---------------------------------------------------   X

## **COMPLAINT**

Plaintiff by its undersigned attorney, complaining of the Defendants, alleges upon information and belief as follows:

## I.    **THE PARTIES**

1.    Plaintiff the Bronx Conservatory of Music, Inc. ("the Conservatory") is a New York not-for-profit corporation having a main campus address at Bronx Community College, Guggenheim Hall, W. 181st St. and University Avenue, Bronx, NY 10453.

2.    Upon information and belief, Defendant Philip Kwoka ("Kwoka") is an individual citizen of the United States residing and having a principal place of business at 3348 Perry Ave., Bronx, NY 10467.

3.    Upon information and belief, Defendant the Bronx School for Music, Inc. ("the School") is a New York not-for-profit corporation located at 3348 Perry Ave., Bronx, NY

10467.  Upon information and belief, Kwoka is the President and Founder of the School.

## II.    JURISDICTION AND VENUE

4.      This action arises in part under the Defend Trade Secrets Act, 18 U.S.C. § 1831, *et seq*., in part under the Copyright Act of 1976, 17 U.S.C. §101 *et seq.*, in part under §43(a) of the Lanham Act, 15 U.S.C. §1125(a), and in part under the common law of the State of New York.

5.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331, 28 U.S.C. §§1338(a) and (b), 28 U.S.C. § 1367(a), 15 U.S.C. §1121 and 18 U.S.C. § 1836(c).

6.      Venue lies in this district pursuant to 28 U.S.C. §§1391 and 1400(a).

## III.    FACTUAL BACKGROUND

7.      The Conservatory was established in 1991 with the goal of offering the finest musical instruction to local students in the Bronx, a largely underserved community, and thereby give them the tools and aspirations for success in whatever field they choose to pursue as adults.

8.      Since 1991, the Conservatory has taught thousands of students in the Bronx, offering them conservatory-level musical instruction while charging below-market rates to the students.

9.      In pursuit of its goals of providing such education and training, the Conservatory has established extensive lists of students, prospective students, faculty, prospective faculty, donors and prospective donors ("the Lists"). The information contained in the Lists is confidential and proprietary to the Conservatory, and the names, addresses, e-mail addresses and telephone numbers of the individuals on the Lists are not generally available.

-2-

10.     The compiling of the Lists took a great deal of expense, effort, manpower and time, all paid for by the Conservatory over the years.  The Lists contain closely held confidential information with considerable economic value, maintained by the Conservatory as confidential to ensure that the Conservatory has sole access to the information contained therein.  The information contained in the Lists cannot be readily ascertained without expending substantial effort, time and money.

11.     Additionally, to assist in providing musical education and training of the highest possible character, the Conservatory prepared a rigorous and unique three-year curriculum consisting of teachers' workbooks, student workbooks, an outline and examinations.  These materials were distributed only to the Conservatory's student and faculty for the limited purpose of education at the Conservatory, and are not generally available ("the Curriculum Materials").

12.     The Curriculum Materials provide a detailed course of instruction in music theory, concerning music fundamentals such as note reading and rhythmic notation, solfege, scales, intervals, musical terminology, introductory harmony, and sight-reading.  The Curriculum Materials were prepared through the expenditure of large amounts of money, time and effort, and cannot be found elsewhere, or independently created without equal or greater expenditures.

13.     The Conservatory applied to register the copyright in the Curriculum Materials.  All the provisions of the Copyright Act of 1976, 17 U.S.C. §101 *et seq.*, have been complied with for the Curriculum Materials and Certificates of Registration therefor have been duly issued by the Register of Copyrights.  Photocopies of these Certificates of Registration are attached as Exhibits A and B.

14.     The Conservatory is the sole owner of all right, title and interest in and to said copyrights for the Curriculum Materials and the Registrations therefor.

15.     In October of 2015, Kwoka was hired by the Conservatory to be its Executive Director, and he served in that position until July of 2020.  While so employed, Kwoka had full

access to all of the confidential and proprietary materials of the Conservatory, including, but not limited to, the Lists and the Curriculum Materials. Kwoka was also provided a laptop computer and a printer for use while employed by the Conservatory. The laptop and printer remained the property of the Conservatory.

16.    Upon information and belief, the Lists and Curriculum Materials were present on the laptop.

17.    In the summer of 2020, defendant Kwoka left the employ of the Conservatory with the laptop (containing the Lists and the Curriculum Materials) and printer still in his possession. Kwoka asked to retain possession of the laptop (but not the printer) after his employment ended. Kwoka was told he could retain the laptop, provided he brought it to the Conservatory to be scrubbed of all confidential or proprietary materials thereon.

18.    Kwoka did not bring in the laptop to be scrubbed, but retained possession thereof nonetheless. He also kept the printer without permission.

19.    Upon information and belief, at some point Kwoka started work on establishing a new entity, the School, and, on November 25, 2020, filed the necessary paperwork to incorporate the School in the State of New York.

20.    Upon information and belief, sometime early in 2021, the School reached out to faculty employed by the Conservatory and lured them away to teach at the School.

21.    Upon information and belief, sometime early in 2021, the School reached out to students registered with the Conservatory and lured them away to take lessons at the School.

22.    Upon information and belief, the School would not have been able to contact faculty and students of the Conservatory without access to the Lists.

23.    Upon information and belief, at least some of the parents of the students who were contacted by the School to register with the School were misled into believing that the School was somehow associated with or a continuation of the Conservatory.

24.     Upon information and belief, sometime early in 2021, the School established

a website, www.bronxschoolformusic.org, which states that the School offers, *inter alia*:

> Music Theory: BSM has cultivated a three-year music theory course that is required
> for all students enrolled in private lessons who are above the age of 7 and have been
> taking lessons for more than 2 years. In the Music Theory course, students will be
> learning music fundamentals such as note reading and rhythmic notation, solfege,
> scales, intervals, musical terminology, introductory harmony, and sight-reading.

25.     Upon information and belief, the "three-year music theory course" referenced

by the School is embodied in, or derived from, the Curriculum Materials.

## IV.     AS AND FOR A FIRST CAUSE OF ACTION - DEFEND TRADE SECRETS ACT VIOLATION

26.     Plaintiff repeats and realleges each and every allegation contained in

paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27.     The information contained in the Lists comprises "trade secrets" within the

meaning ascribed to that term in 18 U.S.C. § 1839(3).

28.     As the former Executive Director of the Conservatory, Kwoka had access to,

and knew the confidential nature of, the information contained in the Lists.

29.     As the former Executive Director of the Conservatory, Kwoka had a duty to

maintain the confidentiality of the information contained in the Lists.  By reaching out to the students

and faculty of the Conservatory using the information contained in the Lists, Kwoka breached that

duty and the School, by employing Kwoka induced him to do so.

30.     Defendants therefore have "misappropriated" the Conservatory's "trade

secrets" by "improper means" within the meanings ascribed to those terms by 18 U.S.C. § 1839,

resulting in substantial damage to the Conservatory, in an amount to be determined at trial.

31.     Upon information and belief, the defendants' actions were willful and

malicious within the meaning of 18 U.S.C. § 1836(b)(3)(C).

32.    The Conservatory does not have a fully adequate remedy at law.

## V.    AS AND FOR A SECOND CAUSE OF ACTION - TRADE SECRETS MISAPPROPRIATION UNDER THE COMMON LAW OF NEW YORK

33.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 32 of this Complaint as if fully set forth herein.

34.    The facts alleged constitute the misappropriation of trade secrets under the common law of the State of New York, and the Defendants' actions have therefore injured the Conservatory in an amount to be determined at trial.

35.    The Conservatory does not have a fully adequate remedy at law.

## VI.    AS AND FOR A THIRD CAUSE OF ACTION – COPYRIGHT INFRINGEMENT

36.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 35 of this Complaint as if fully set forth herein.

37.    Upon information and belief, the defendants have copied the Curriculum Materials and/or prepared derivative works based on the Curriculum Materials in derogation of the exclusive rights thereto held by the Conservatory, thereby infringing the copyrights in the Curriculum Materials owned by the Conservatory as defined in 17 U.S.C. § 501.

38.    Upon information and belief, the Defendants' copyright infringement was willful within the meaning of 17 U.S.C. § 504.

39.    The Defendants' infringement of the copyright in the Curriculum Materials damaged the Conservatory in an amount to be determined at trial.  Alternatively, the Defendants' actions entitle the Conservatory to statutory damages, costs and attorneys' fees in lieu of actual damages.

40.     The Conservatory does not have a fully adequate remedy at law.

## VII.   AS AND FOR A FOURTH CAUSE OF ACTION – FEDERAL UNFAIR COMPETITION (LANHAM ACT § 43(A))

41.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 40 of this Complaint as if fully set forth herein.

42.     The Conservatory has advertised and promoted its name and services over the internet and through the use of interstate wires (e-mails) and has therefore engaged in commerce which Congress may regulate.

43.     The Defendants, in confusing students, parents of students and/or others have done so through the use of internet advertising and the interstate wires (e-mails) and have therefore engaged in commerce which Congress may regulate.

44.     The Defendants' actions as described above have constituted false designations of origin and false statements of fact for at least the following reasons:

   a.   The statement on the School's website that it "cultivated a three-year music theory course" falsely implies it originated the materials that are believed to be copied from the Curriculum Materials; and

   b.   The School's communications to students and parents of students of the Conservatory misled them into thinking the School was somehow affiliated with, connected with, associated with, sponsored by and/or approved by the Conservatory.

45.     The actions of which the Conservatory complains have damaged the Conservatory in an amount to be determined at trial.

46.     Defendant's egregious conduct in making these false representations render this case "exceptional" within the meaning of § 34(a) of the Lanham Act, 15 U.S.C. § 1117(a).

47.    The Conservatory does not have a fully adequate remedy at law.

## VIII.    AS AND FOR A FIFTH CAUSE OF ACTION –UNFAIR COMPETITION UNDER THE COMMON LAW OF THE STATE OF NEW YORK

48.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 47 of this Complaint as if fully set forth herein.

49.    Defendants' conduct as described further constitutes unfair competition under the common law of the State of New York, injuring the Conservatory in an amount to be determined at trial.

50.    The Conservatory does not have a fully adequate remedy at law.

## IX.    AS AND FOR A SIXTH CAUSE OF ACTION – BREACH OF A FIDUCIARY DUTY UNDER THE COMMON LAW OF THE STATE OF NEW YORK

51.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 50 of this Complaint as if fully set forth herein.

52.    The acts of which the Conservatory complains further constitute a breach of the fiduciary duty Kwoka owed to the Conservatory by virtue of his position as Executive Director of the Conservatory.

53.    Upon information and belief, the School induced Kwoka to breach his fiduciary duty to the Conservatory.

54.    The Conservatory is therefore entitled to damages for the breach of that duty by Kwoka, and the inducement of that breach by the School in an amount to be determined at trial.

55.    The Conservatory does not have a fully adequate remedy at law.

## X.    AS AND FOR A SEVENTH CAUSE OF ACTION – CONVERSION UNDER THE COMMON LAW OF THE STATE OF NEW YORK

56.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 55 of this Complaint as if fully set forth herein.

57.    The Defendants, by willfully retaining the laptop and printer, are liable for conversion with respect thereto.

58.    The Conservatory is therefore entitled to damages for the conversion of the laptop and printer in an amount to be determined at trial, and/or the return thereof.

59.    The Conservatory does not have a fully adequate remedy at law.

## XI.    AS AND FOR AN EIGHTH CAUSE OF ACTION – UNJUST ENRICHMENT UNDER THE COMMON LAW OF THE STATE OF NEW YORK

60.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 59 of this Complaint as if fully set forth herein.

61.    Defendants' acts of which the Conservatory complains has resulted in the unjust enrichment of the Defendants at the expense and damage of the Conservatory, thereby damaging the Conservatory in an amount to be determined at trial.

62.    The Conservatory does not have a fully adequate remedy at law.

## XII.    JURY DEMAND

63.    The Conservatory demands a trial by jury on all issues triable to a jury.

## XIII.    RELIEF SOUGHT

WHEREFORE, the Conservatory demands judgment as follows:

ON COUNT ONE (FEDERAL MISAPPROPRIATION OF TRADE SECRETS):

64. That, pursuant to 18 U.S.C. §1836(b)(3)(A)(i), Defendants, their agents, servants and employees, and all parties in privity with them, be enjoined preliminarily and permanently from continuing the misappropriation of the Conservatory's trade secrets;

65. That, pursuant to 18 U.S.C. §1836(b)(3)(A)(ii), Defendants, their agents, servants and employees, and all parties in privity with them, be ordered to return or destroy all copies of the Conservatory's trade secrets in their possession;

66. That, pursuant to 18 U.S.C. §1836(b)(3)(B), Defendants be required to pay to the Conservatory such actual damages as the Conservatory may have sustained in consequence of Defendants' misappropriation, and all profits of Defendants that are attributable to the misappropriation of the Conservatory's trade secrets; and

67. That, pursuant to 18 U.S.C. §1836(b)(3)(C) the Defendants' actions be declared willful and malicious, and that all damages awarded to the Conservatory be doubled.

ON COUNT TWO (STATE MISAPPROPRIATION OF TRADE SECRETS)

68. That Defendants, their agents, servants and employees, and all parties in privity with them, be enjoined preliminarily and permanently from continuing the misappropriation of the Conservatory's trade secrets; and

69. That Defendants be required to pay to the Conservatory such actual damages as the Conservatory may have sustained in consequence of defendants' misappropriation, and all profits of defendant that are attributable to the misappropriation of the Conservatory's trade secrets.

ON COUNT THREE (COPYRIGHT INFRINGEMENT)

70. That, pursuant to 17 U.S.C. §502(a), Defendants, their agents, servants and employees, and all parties in privity with them, be enjoined preliminarily and permanently from infringing the Conservatory's copyrights, as evidenced by the Copyright Registrations attached hereto as Exhibits A and B, in any manner, including, but not limited to, by copying, manufacturing, vending,

distributing, selling, promoting, importing, exporting, offering for sale, advertising or disposing of in any way any copies of the copyrighted works, by making derivative works based thereon or by causing or participating in any such activity;

71.     That, pursuant to 17 U.S.C. §503(b), defendants be required to deliver up for destruction all infringing copies of the Conservatory's copyrighted Curriculum Materials;

72.     That, pursuant to 17 U.S.C. §504(b), Defendants be required to pay to the Conservatory such actual damages as the Conservatory may have sustained in consequence of defendants' infringement, and all profits of defendant that are attributable to the infringement of Conservatory's copyrights;

73.     That defendants be required to account to the Conservatory for all gains, profits and advantages derived by defendants from their infringement; and

74.     That, pursuant to 17 U.S.C. §505, Defendants be required to pay the Conservatory's reasonable attorney's fees.

ON COUNT FOUR (SECTION 43(a) VIOLATION)

75.     That this Court, pursuant to 15 U.S.C. §1116(a), issue a preliminary and permanent injunction ordering Defendants to cease any and all false advertising and/or false descriptions of origin imputing any affiliation, connection, association, sponsorship and/or affiliation with the Conservatory;

76.     That, pursuant to 15 U.S.C. §1117, defendants be required to pay to Conservatory such damages as the Conservatory has sustained as a result of Defendants' violation of 15 U.S.C. §1125(a) and that such damages be trebled;

77.     That, pursuant to 15 U.S.C. §1117, defendants be required to pay to Conservatory an amount equal to defendants' profits derived as a result of its violations of § 43(a), and that the award on such profits be increased by an amount which the Court shall find to be just; and

78.     That, pursuant to 15 U.S.C. §1117, this lawsuit be adjudged an exceptional case and Defendants be required to pay Conservatory's reasonable attorney's fees.

ON COUNT FIVE (STATE UNFAIR COMPETITION)

79.     That Defendants, their agents, servants and employees, and all parties in privity with them, be enjoined preliminarily and permanently from continuing their unfairly competing activities; and

80.     That Defendants be required to pay to the Conservatory such actual damages as the Conservatory may have sustained in consequence of Defendants' unfair competition, and all profits of Defendants that are attributable to their unfair competition.

ON COUNT SIX (STATE BREACH OF FIDUCIARY DUTY)

81.     That Defendants be required to pay to the Conservatory such actual damages as the Conservatory may have sustained in consequence of Defendants' breach of Kwoka's breach of his fiduciary duty to the Conservatory and/or the School's inducement of that breach, and all profits of Defendants that are attributable to this breach.

ON COUNT SEVEN (STATE CONVERSION)

82.     That Kwoka be required to return the laptop and printer described above, or, in the alternative, pay the Conservatory the value thereof.

ON COUNT EIGHT (STATE UNJUST ENRICHMENT)

83.     That Defendants be required to disgorge to the Conservatory any and all profits unfairly derived from their acts as described above.

FOR ALL COUNTS:

84.     That, pursuant to Rule 54(d) of the Fed. R. Civ. P., the defendants be required to pay to the Conservatory the full costs of this action; and

85.    That the Court grant such other and further relief as it shall deem just and proper under the circumstances.

Dated:  New York, New York
February 25, 2021

Respectfully submitted,

THE LAW OFFICES OF ROGER S. THOMPSON

Attorneys for Plaintiff The Bronx Conservatory of Music, Inc.

By:    _____
       Roger S. Thompson (#RT2117)
       116 Pinehurst Avenue
       Suite D-14
       New York, New York 10033
       Phone:  (212) 923-5145
       Fax:  (866) 276-8409
       E-mail:  roger@thompson-ip.com

-13-