# The Law Offices of Roger S. Thompson
116 Pinehurst Ave., Suite D-14
New York, New York 10033
Phone:  (212) 923-5145
Fax:  (866) 276-8409
roger@thompson-ip.com

June 15, 2021

Hon. Barbara Moses, U.S.M.J., S.D.N.Y.
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 740
New York, NY 10007

**By ECF**

Re:   *Bronx Conservatory of Music, Inc. v. Bronx School for Music,* et al.
      21 Civ. 1732 (AT)
      RST Ref.:  6064-002

Dear Judge Moses:

This letter is submitted to the Court pursuant to Your Honor's Individual Rule 3 and F.R.C.P. 5.2(e)(1), and constitutes a letter-motion to file redacted versions of the Answer and Counterclaims [Dkt. 26].  This letter-motion is also submitted pursuant to Your Honor's Order dated May 26, 2021 [Dkt. 28] requiring the Defendants to move to seal the Answer.

Since the request to seal (actually the filing of a redacted version of the Answer and Counterclaims) is at the behest of the Plaintiff, the undersigned is hereby making the request instead of counsel for the Defendants.

**The Parties**

Plaintiff is the Bronx Conservatory of Music, Inc. ("the Conservatory"), a not-for-profit corporation of New York, established to provide affordable, world-class music instruction for talented students in the Bronx. This education is kept affordable by the fact that the Conservatory is not intended to turn a profit, and remains therefore in large part dependent upon the generosity of its donors.

Defendant Phillip Kwoka ("Kwoka") is the former Executive Director of the Conservatory, who quit the Conservatory to establish a competing school in the Bronx, the defendant the Bronx School for Music, Inc. ("the School").

Hon. Barbara Moses
June 15, 2021
Page 2

### The Actions of Which the Conservatory Complains

The Conservatory alleges that, when Kwoka left his position at the Conservatory, he took a laptop that contained confidential information containing the names and contact information for the faculty of the Conservatory, the students of the Conservatory and its donor list.

It is also alleged that Kwoka took with him copies of the teaching materials that the Conservatory had prepared over a period of years at great expense and effort.

### Background of this Action

On March 12, 2021, the Conservatory filed the Complaint herein [Dkt. 1], seeking damages and injunctive relief from Kwoka and the School, alleging, *inter alia*:  copyright infringement, theft of trade secrets, and breach of a fiduciary duty (by Kwoka).

The Defendants did not file or serve an Answer by the time of the Initial Pretrial Conference, and so the Conservatory did not know of the potential existence of any counterclaims until counsel for the defendants sent an e-mail, on Wednesday, April 28, 2021 at 10:45 a.m. providing the Defendants' input on the proposed Case Management Plan which was filed in advance of the Initial Pretrial Conference on April 29, 2021.

In that e-mail, it was stated, without more and for the first time, what the nature of the Counterclaims would be.

On April 29, 2021, the Defendants had still not filed an answer.  Nonetheless, the Initial Pretrial Conference was held, as scheduled.

Not knowing the particulars of any Counterclaim which might be interposed, and given the potentially scandalous nature of such a claim, at the Initial Pretrial Conference, I requested that the Answer be filed under seal, pending a determination of the merits of such a claim. Counsel for the Defendants did not object, and Judge Torres did not object.

Ultimately, on May 25, 2021, the Defendants filed the Answer and Counterclaims.

### Meet and Confer

As stated, at the Initial Pretrial Conference, counsel for the Defendants agreed to file the Answer and Counterclaims under seal.

Subsequent to Your Honor' May 26, 2021 Order [Dkt. 28], I conferred with counsel for the Defendants, who indicated that he thought it appropriate that the Plaintiff move for the sealing of the Answer since it was done at the Plaintiff's request and I agreed.

During that conversation, he also indicated he would withdraw his prior consent and would oppose the instant motion to seal.

Hon. Barbara Moses
June 15, 2021
Page 3

**Relief Sought**

The Conservatory seeks to redact from the publicly available Answer and Counterclaims solely the allegations of the Fourth Counterclaim. The responses thereto in the Answer thereto filed this date need not be redacted, since there is nothing in the Answer which would reveal the nature of the scandalous and unsupported allegations of the Fourth Counterclaim.

Specifically, the Conservatory requests to have ¶¶ 5, 33, 34 and 37-41 of the Counterclaims redacted in full, and the caption for the Fourth Counterclaim redacted to obscure the nature of that counterclaim. It is believed that these are the minimal redactions necessary and appropriate to accomplish the desired end.

**Summary of Argument**

The instant case was a straightforward one, brought to address the wrongful acts of a faithless former executive of the Conservatory, who took confidential information and proprietary teaching materials when he left his employment at the Conservatory to start his own school in competition with the Conservatory.

The Defendants have denied the material allegations of the Complaint, as is their right, and interposed counterclaims for declaratory and other relief (The First, Second and Third Counterclaims) which is directed to the allegations of the Complaint. Kwoka has also interposed a Fifth Counterclaim directed to a claim of violations of the Fair Lablr Standards Act. While it is not believed that the Fifth Counterclaim is warranted in law or in fact, there is not improper about that Counterclaim.

However, the Fourth Counterclaim is based on a completely different set of facts and law, and is not in any way related to the case-in-chief, and so is not subject to the Court's pendent jurisdiction as alleged by Kwoka. Furthermore, it is believed that this counterclaim is made without legitimate purpose, and solely for its *in terrorem* effect. Furthermore, as will be described below, the Court lacks jurisdiction to hear that claim.

Giving flesh to the concerns the Second Circuit raised in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), there is the possibility of "unwarranted reputational injury" with the scandalous allegations made in the Fourth Counterclaim, and the Court should be wary of allowing an unscrupulous litigant to exploit the "litigation privilege" to make otherwise libelous statements without fear of repercussions.

**Argument**

*Lugosch* correctly stresses the importance of public access to Court papers and proceedings. It is an important part of the judicial process, and necessary to the free and fair airing of grievances guaranteed by the First Amendment. It does, however, lead to the potential for abuse, as the Second Circuit noted, in a case subsequent to *Lugosch*:

Hon. Barbara Moses
June 15, 2021
Page 4

> "Shielded by the 'litigation privilege,' bad actors can defame opponents in court pleadings or depositions without fear of lawsuit and liability. Unfortunately, the presumption of public access to court documents has the potential to exacerbate these harms to privacy and reputation by ensuring that damaging material irrevocably enters the public record." *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019).

There is only one way to protect effectively against these harms, namely sealing or redacting of such material from the publicly available files of the proceeding, as the Supreme Court observed in *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598, 98 S. Ct. 1306, 1312 (1978):

> "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes."

As the Second Circuit held, relying on *Nixon*, "[t]his supervisory function is not only within a district court's power, ***but also among its responsibilities***." *Brown*, 929 F.3d at 51. (emphasis supplied).

Here, the Conservatory prays that the Court will exert its supervisory responsibility to protect a litigant from the harms against which the Supreme Court warned in *Nixon*, and which concerned the Second Circuit in *Brown*: abuse of the litigation privilege for improper purposes.

It is recognized that the burden of establishing entitlement to the relief sought is on the Conservatory. It is also submitted that this case differs from prior cases, such as *Lumiere v. United States*, No. 18-CV-9170 (JSR) (BCM), 2019 U.S. Dist. LEXIS 206377 (S.D.N.Y. Nov. 27, 2019) in which sealing was denied, for two reasons.

First, this is not a criminal case, where the presumption of public access is even higher than in a civil case.

Second, and most importantly here, the allegations which are the subject of this motion are unrelated to the case-in-chief, and the potential counterclaim is of highly suspect validity.

The instant motion is not one to dismiss, and the Conservatory does not ask the Court to determine whether the Fourth Counterclaim is properly before the Court. That is beyond the scope of this motion. However, it must be emphasized that the purported counterclaim is not reliant on the same facts as the case-in-chief and so the Court is not likely to have pendent jurisdiction.

This jurisdictional infirmity of this Counterclaim, its unrelatedness to the allegations of the Complaint and its scandalous nature lend weight to the conclusion that it was interposed for an improper purpose, and this can be tested by a promptly filed motion for

Hon. Barbara Moses
June 15, 2021
Page 5

dismissal/summary judgment, but the issue will be moot if the Court does not protect the Conservatory in the *interim*.

If a motion to dismiss is filed and denied, then the pleadings may be unsealed after only a brief delay with no lasting harm to the public's right of access. However, if the Fourth Counterclaim is made public, the harm is done and cannot be undone.

**Conclusion**

Accordingly, for these reasons, it is requested that the motion to seal/redact be granted. The potential unwarranted harm to the Conservatory is great while the harm to a brief sealing of the Fourth Counterclaim is minor.

Pursuant to Your Honor's Individual Rule 3, the redacted papers are filed publicly, while both an unredacted copy of those pleadings and a highlighted version of the unredacted pleadings, showing the redactions, are filed under seal herewith.

Early and favorable action is solicited.

Yours Truly,
THE LAW OFFICES OF ROGER S. THOMPSON

S/Roger S. Thompson

Roger S. Thompson (RT 2117)

cc:   Marius Gebski, Esq. (*via* ECF)
Encls.