UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRONX CONSERVATORY OF MUSIC, INC.,

    Plaintiff,

-against-

PHILLIP KWOKA AND THE BRONX SCHOOL FOR MUSIC, INC.,

    Defendants.



21-CV-1732 (AT) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

On May 25, 2021, defendants Philip Kwoka and the Bronx School for Music, Inc. (Bronx School) filed an answer and counterclaim (Ans.) (Dkt. No. 26), under seal, without contemporaneously filing a letter-motion requesting a sealing order as required by § IV(A)(ii) of Judge Torres's Individual Practices and § 3 of my Individual Practices. By Order dated May 26, 2021 (Dkt. No. 28), I directed defendants to file a letter-motion requesting a sealing order or, in the alternative, to re-file their pleading on the public docket. On June 15, 2021, plaintiff Bronx Conservatory of Music, Inc. (Bronx Conservatory) filed a letter-motion (Pl. Ltr.) (Dkt. No. 30) in which it explained that the sealed filing was done at its request and sought leave to file a redacted version of its opponents' answer and counterclaim while maintaining the unredacted version under seal. Together with its letter-motion, plaintiff re-filed the answer and counterclaim in two versions: (i) with the full text visible but highlighted to show the proposed redactions (Dkt. No. 31, filed under seal); and (ii) in the redacted form that plaintiff proposes (Dkt. No. 33, filed in public view). For the reasons that follow, the motion will be denied.

## Background

In its complaint (Compl.) (Dkt. No. 1), Bronx Conservatory, a music school, alleges that Kwoka, its former Executive Director, took confidential information with him (on a Bronx Conservatory laptop) when he left his employment in 2020, and thereafter used that information

to establish a competing music school – Bronx School – and to lure away both students and faculty from Bronx Conservatory. Plaintiff asserts claims against both defendants for misappropriation of trade secrets, copyright infringement, unfair competition, conversion, and unjust enrichment, and against Kwoka for breach of fiduciary duty. Compl. ¶¶ 26-62.

In their responsive pleading, defendants deny the material allegations of the complaint, interpose numerous affirmative defenses, and assert five counterclaims: for a declaratory judgment that plaintiff's copyrights are invalid; for a declaratory judgment of non-infringement of copyright; for a declaratory judgment of non-infringement of trade secrets; for "sexual harassment of Philip Kwoka"; and for violations of the Fair Labor Standards Act. Ans. ¶¶ 10-56. It is the fourth counterclaim, for sexual harassment, that plaintiff proposes to redact almost in its entirety – including, apparently, its caption, quoted in the preceding sentence.[1] Plaintiff argues that the material allegations comprising that sexual harassment counterclaim should be hidden from public view because they are "scandalous and unsupported," because plaintiff believes the counterclaim was asserted "without legitimate purpose, and solely for its *in terrorem* effect" and because it is "unrelated to the case-in-chief" and thus this Court is "not likely to have pendent jurisdiction." Pl. Ltr. at 3-4. Although defendants apparently told plaintiff that they would oppose the motion to seal, *id*. at 2, they have not done so.

On June 15, 2021 – the same day it filed its letter-motion seeking leave to seal the unredacted version of the answer and counterclaims – plaintiff replied to the counterclaims (Reply) (Dkt. Nos. 29, 32), denying all of defendants' material allegations and asserting, as one of its affirmative defenses, that this Court lacks jurisdiction over the fourth and fifth

---

[1] The title is not highlighted for redaction in the version filed at Dkt. No. 31 but is completely blacked out in the redacted version filed at Dkt. No. 33.

counterclaims. Reply ¶ 58. However, plaintiff has not made any jurisdictional (or other) motion to dismiss the fourth counterclaim.

## Analysis

Under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006), and its progeny, I must engage in a three-step analysis of plaintiff's request. First, I must determine whether the document at issue is a "judicial document," as to which both a common-law and a constitutional presumption of public access applies. *Lugosch,* 435 F.3d at 119. "In order to be designated a judicial document, 'the item filed must be relevant to the performance of the judicial function and useful in the judicial process.'" *Id.* (quoting *United States v. Amodeo,* 44 F.3d 141, 145 (2d Cir. 1995)). The parties' pleadings, including answers and counterclaims, are unquestionably judicial documents. *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016); *Cavender v. United States Merch. Marine Acad.*, 2020 WL 3304538, at *2 (E.D.N.Y. June 18, 2020); *Morgan Art Found. Ltd. v. McKenzie*, 2020 WL 1130699, at *2 (S.D.N.Y. Mar. 6, 2020); *Accent Delight Int'l Ltd. v. Sotheby's*, 394 F. Supp. 3d 399, 416 (S.D.N.Y. 2019); *Guzik v. Albright*, 2018 WL 6011612, at *1 (S.D.N.Y. Nov. 16, 2018); *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 469 (S.D.N.Y. 2017).

Since the challenged document is a "judicial document," I must next determine how much weight to assign to the presumption of access. *See Lugosch,* 435 F.3d at 119. "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts. Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id*. (quoting *United States v. Amodeo,* 71 F.3d 1044, 1048 (2d Cir. 1995)). The weight of the presumption is "heavy," *Under Seal*, 273 F. Supp. 3d at

470, when a party seeks to seal a pleading, which is a "core" judicial document. *Morgan Art Found. Ltd.*, 2020 WL 1130699, at *2 (denying counterclaim defendants' motion to seal unredacted version of claims brought by artist's estate accusing them of defrauding elderly and vulnerable artist). Moreover, in this case the allegations sought to be redacted are neither peripheral nor tangential to the fourth counterclaim but, rather, lie at its "very heart," *Accent Delight Int'l*, 394 F. Supp. 3d at 417 (quoting *Under Seal*, 273 F. Supp. 3d at 472), such that permitting only the redacted version to remain unsealed would keep the public wholly in the dark as to the nature of a claim that has been asserted by Kwoka, denied by Bronx Conservatory, and is now pending before this Court for resolution. "In such situations, the public cannot 'have confidence in the [Court's] administration of justice' without being able to see the specific allegations underlying the case." *Id.* (quoting *Bernstein*, 814 F.3d at 139) (denying Sotheby's motion to seal unredacted version of complaint accusing Sotheby of aiding and abetting fraud by a non-party art dealer where the redactions concealed plaintiff's key allegations concerning the allegedly fraudulent transactions facilitated by Sotheby's).

Finally, I must determine whether the party seeking to keep the judicial document under seal – here, Bronx Conservatory – has met its burden of demonstrating "countervailing factors," "competing considerations," or "higher values," *Lugosch*, 435 F.3d at 120, 124, sufficient to overcome the presumption of access. Neither "conclusory assertion[s]" of harm nor "[b]road and general findings by the trial court" will suffice. *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987). Rather, a judicial document may be sealed only if "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120 (quoting *In re N.Y. Times Co.*, 828 F.2d at 116). I cannot make those findings here.

Bronx Conservatory does not cite (and this Court has not found) any case, in this jurisdiction or elsewhere, in which an employer accused of sexual harassment has succeeded in sealing the pleading containing that accusation on any of the grounds asserted here. To the contrary: it is well-settled that "[g]eneralized concern[s] of adverse publicity" and reputational injury – the only potential harms articulated in plaintiff's letter-motion – cannot justify an order sealing a core judicial document. *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 169 (S.D.N.Y. 2018) (quoting *Prescient Acquisition Grp., Inc. v. MJ Pub. Tr.*, 487 F. Supp. 2d 374, 375 (S.D.N.Y. 2007)) (denying defendant's motion to seal confidential agreements to settle prior sexual harassment claims made against him); *see also Doe v. City of New York*, 2019 WL 4392533, at *2 (S.D.N.Y. Sept. 13, 2019) (denying motion by defendants in sexual assault case to seal summary judgment materials detailing unadjudicated allegations concerning prior assaults by defendant Porter). As the Court of Appeals explained in *Lugosch*, "[T]he natural desire of parties to shield prejudicial information contained in judicial records . . . cannot be accommodated by courts without seriously undermining the tradition of an open judicial system." 435 F.3d at 123 n.5 (quoting *Brown & Williamson Tobacco v. FTC,* 710 F.2d 1165, 1180 (6th Cir. 1983)). Thus, "the courts generally reject negative publicity 'as a basis for overcoming the strong presumption of public access to [the allegedly prejudicial] items.'" *Julian v. Metro. Life Ins. Co.*, 2020 WL 5913739, at *4 (S.D.N.Y. Oct. 6, 2020) (quoting *Centauri Shipping Ltd. v. W. Bulk Carriers KS*, 528 F. Supp. 2d 197, 205 (S.D.N.Y. 2007)); *Under Seal*, 273 F. Supp. 3d at 471 (collecting cases).[2]

---

[2] By the same token, the fact that the unredacted counterclaim could embarrass or harm the reputation of the individual Bronx Conservatory executive who allegedly perpetrated the harassment (presently a non-party, but identified by name in the counterclaim) is an insufficient reason to seal a core judicial document. *See, e.g.*, *Oliver v. New York State Police*, 2020 WL 1227141, at *4 (N.D.N.Y. Mar. 13, 2020) (denying motion to seal, *inter alia*, documents describing "Plaintiff's complaint that an investigator with whom she worked had sexually harassed her"); *Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616, 624 (S.D.N.Y. 2011) (denying

Similarly, plaintiff's assertion that Kwoka's allegations are false cannot justify an order sealing those allegations. Whether they are true or false is precisely the question that the parties have placed before this Court. Thus, it has long been understood that "[t]he question of public access to the contested documents is . . . completely separate from the merits of the underlying action." *Lugosch*, 435 F.3d at 119; *see also Bernstein*, 814 F.3d at 140 (2d Cir. 2016) ("[T]he fact of filing a [counterclaim], whatever its veracity, is a significant matter of record.").

Finally, plaintiff's assertion that this Court lacks "pendent" (supplemental) jurisdiction over the fourth counterclaim is misplaced.[3] Moreover, plaintiff's reliance on the "jurisdictional infirmity" of the fourth counterclaim as a basis for sealing it, Pl. Ltr. at 30, is self-defeating. As noted above, plaintiff has not made any motion to dismiss that counterclaim on jurisdictional grounds. Should it do so, this Court would be required to analyze the allegations made in the challenged pleading to determine the motion. This, in turn, would render the pleading a judicial document subject to a strong presumption of public access. *See*, *e.g.*, *Caxton Int'l Ltd. v. Rsrv. Int'l Liquidity Fund, Ltd.*, 2009 WL 2365246, at *3 (S.D.N.Y. July 30, 2009) (denying in

---

motion to redact, from internal investigatory documents, "the names of the individuals whose conduct JPMC investigated in response to Lytle's complaints regarding alleged harassment and discrimination"); *Ottati v. City of Amsterdam*, 2010 WL 11570492, at *1 (N.D.N.Y. Jan. 25, 2010) (granting motion, made after the filing of summary judgment motions in a sex discrimination case, to unseal, *inter alia*, the defendant's internal investigatory report into plaintiff's allegations).

[3] The Court's supplemental jurisdiction is limited to "claims that are so related to claims in the action within [the Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. Whether Kwoka's sexual harassment counterclaim meets this standard may be debatable. However, Kwoka brought that counterclaim pursuant to, *inter alia*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et. seq.* Ans. ¶ 41. Title VII claims come within the Court's original jurisdiction, *see* 28 U.S.C. § 1331, rendering a supplemental jurisdiction analysis unnecessary. *Cf. Absolute Activist Master Value Fund, Ltd. v. Ewing*, 2014 WL 3600409, at *2 (S.D.N.Y. July 11, 2014) (engaging in supplemental jurisdiction analysis because "all of Ewing's Counterclaims lack independent bases for federal question or diversity jurisdiction").

substantial part motion to seal "remand motion papers" because they "themselves are of consequence to this Court's adjudication of whether it has subject matter jurisdiction"). Likewise, plaintiff's assumption that the fourth counterclaim could remain sealed if it made and won a motion to dismiss that counterclaim, Pl. Ltr. at 4-5, is mistaken. "[T]he Second Circuit has rejected the contention that the presumption of access is dependent upon the disposition of the underlying motion." *Under Seal*, 273 F. Supp. 3d at 470 (citing *Lugosch*, 435 F.3d at 121-22).

## Conclusion

Plaintiff's sealing motion (Dkt. No. 30) is DENIED. Defendants' unredacted answer and counterclaims (Dkt. No. 26) will be unsealed (placed in public view on the Court's electronic docket) one week from the date of this Order, on Thursday, July 15, 2021.

Dated: New York, New York
July 8, 2021

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**