```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
THE BRONX CONSERVATORY OF MUSIC, INC.,

                Plaintiff,

                -against-

PHILIP KWOKA and THE BRONX SCHOOL FOR MUSIC, INC.,

                Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/7/2022
```

21 Civ. 1732 (AT) (BCM)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff, the Bronx Conservatory of Music, Inc. (the "Conservatory"), brings claims against Defendants Philip Kwoka and the Bronx School for Music (the "School") under, *inter alia*, the Defend Trade Secrets Act, 18 U.S.C. § 1831, *et seq.*; the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*; the Lanham Act, 15 U.S.C. § 1125(a); and related state common law causes of action. *See* Compl., ECF No. 9.[1] On May 26, 2021, Defendants filed an answer along with counterclaims for a series of declaratory judgments related to Plaintiff's claims; sexual harassment under Title VII, 42 U.S.C. § 2000e, *et seq.*, the New York State Human Rights Law, N.Y. Exec Law § 290, *et seq.* (the "NYSHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code. § 8-101, *et seq.* (the "NYCHRL"); and wage-and-hour-related violations under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law (the "NYLL"), N.Y.L.L. § 190 *et seq.* Defs. Counterclaims, ECF No. 26. Plaintiff now moves under Federal Rule of Civil Procedure 12(c) for judgment on the pleadings on Defendants' claims for sexual harassment and violations of the FLSA and the NYLL. Pl. Mot., ECF No. 41. For the reasons stated below, Plaintiff's motion for judgment on the pleadings with

---

[1] Plaintiff's allegations are based on Kwoka retaining possession of a laptop containing certain lists and curriculum materials after he left his job with the Conservatory, and using those materials to start the School. *See generally* Compl.

respect to Defendants' claims for overtime pay under the FLSA and the NYLL, and their claim under Title VII is GRANTED, and those claims as well as Defendants' other claims under the NYLL, the NYSHRL, and the NYCHRL are DISMISSED.

## BACKGROUND[2]

During all times relevant to Defendants' counterclaims, Kwoka worked for the Conservatory out of an office located at the residence of the Conservatory's President/CEO, Douglas Meyer. Defs. Counterclaims ¶¶ 35–36. On multiple occasions, when Kwoka arrived at the office, Meyer greeted him wearing only underwear. *Id.* ¶ 37. And, on September 30, 2019, Meyer exposed Kwoka to "hard core pornographic materials" that Meyer was viewing on the office computer. *Id.* ¶ 38.

When Kwoka worked for the Conservatory, he held the title of Executive Director, but he lacked decision-making power and worked under Meyer's supervision. *Id.* ¶ 43. "[O]n occasions[,] [sic] [Kwoka] worked over 40 hours per week without ever receiving premium overtime pay." *Id.* ¶ 44. To avoid paying Kwoka overtime, the Conservatory misclassified him as exempt from the overtime provisions of the FLSA and the NYLL. *Id.* ¶¶ 45–48. For the duration of his employment, Kwoka did not earn more than $100,000 in a calendar year. *Id.* ¶ 49. And, Kwoka never received his last paycheck or the bonus that the Conservatory promised. *Id.* ¶ 51. The Conservatory also did not provide Kwoka with written notices that included information required by the Wage Theft Prevention Act. *Id.* ¶ 55.

---

[2] The following facts are taken from Defendants' counterclaims and are presumed to be true for the purposes of resolving Plaintiff's motion for judgment on the pleadings. *Desiano v. Warner-Lambert & Co.*, 467 F.3d 85, 89 (2d Cir. 2006), *aff'd sub nom. Warner-Lambert Co., LLC v. Kent*, 552 U.S. 440 (2008).

## DISCUSSION

I. <u>Legal Standards</u>

    A.    Rule 12(c)

Courts resolving a motion under Federal Rule of Civil Procedure 12(c) apply the same standards that are used to resolve a motion under Rule 12(b)(6). *Desiano v. Warner-Lambert & Co.*, 467 F.3d 85, 89 (2d Cir. 2006), *aff'd sub nom. Warner-Lambert Co., LLC v. Kent*, 552 U.S. 440 (2008). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient factual allegations in the complaint that, accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff is not required to provide "detailed factual allegations" in the complaint, but must assert "more than labels and conclusions[] and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Ultimately, the facts pleaded in the complaint "must be enough to raise a right to relief above the speculative level." *Id*. On a Rule 12(b)(6) motion, the court may consider only the complaint, documents attached to the complaint, matters of which a court can take judicial notice, or documents that the plaintiff knew about and relied upon. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). The court must accept the allegations in the pleadings as true and draw all reasonable inferences in favor of the non-movant. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

    B.    Supplemental Jurisdiction

Under 28 U.S.C. § 1367(a), courts may exercise supplemental jurisdiction "over all . . . claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Thus, a

court "has the power to exercise [supplemental] jurisdiction over [a] plaintiff's state claims together with his federal claims if they derive from 'a common nucleus of operative fact,' and commonly will exercise it if 'considerations of judicial economy, convenience and fairness to litigants' weigh in favor of hearing the claims at the same time." *Promisel v. First Am. Artificial Flowers, Inc.*, 943 F.2d 251, 254 (2d Cir. 1991) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725–26 (1966)) (citation omitted).

II.     Analysis

    A.     Claims Under the FLSA and the NYLL

Defendants appear to allege that Plaintiff violated the overtime pay provisions of the FLSA and the NYLL, unspecified laws governing unpaid wages, and the Wage Theft Prevention Act of the NYLL.  *See* Defs. Counterclaims ¶¶ 54–56; Defs. Mem., ECF No. 63.  Plaintiff argues that these claims are insufficiently pleaded because they fail to "provide the minimal details necessary to establish the elements of the cause of action."  Pl. Mem. at 8, ECF No. 42.  The Court agrees.

Claims for overtime pay under the NYLL are evaluated under the same standards as claims under the FLSA.  *See Limauro v. Consol. Edison Co. of N.Y., Inc.*, No. 20 Civ. 3558, 2021 WL 1226872, at *2 (S.D.N.Y. Mar. 31, 2021).  As the Second Circuit has explained, to survive a motion to dismiss a claim based on the FLSA overtime pay requirement, a party "must allege sufficient factual matter to state a plausible claim that [he] worked compensable overtime in a workweek longer than 40 hours." *Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013).  Thus, a party must show that he worked "40 hours . . . in a given workweek as well as some uncompensated time in excess of the 40 hours," *id*., and "provide sufficient detail about the length and frequency of [his] unpaid work to support a reasonable

inference that [he] worked more than [40] hours in a given week," *Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013); *see also Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89 (2d Cir. 2013) (finding that a party's claims failed because "[s]he did not estimate her hours in any or all weeks or provide any other factual context"). Although courts do not require parties "to keep careful records and plead their hours with mathematical precision," *Dejesus*, 726 F.3d at 90, they have required parties to "provide a certain degree of specificity as to uncompensated hours worked during a particular week," *Chime v. Peak Security Plus, Inc.*, 137 F. Supp. 3d 183, 196 (E.D.N.Y. 2015) (emphasis omitted). Therefore, "allegations that a [party] 'typically,' 'occasionally,' or 'regularly' worked more than [40] hours a week, without more, are insufficient to state a claim." *Limauro*, 2021 WL 1226872, at *2; *see also Kuck v. Planet Home Lending, LLC*, 354 F. Supp. 3d 162, 168–69 (E.D.N.Y. 2018) (collecting cases).

In support of Defendants' claims for overtime pay, Defendants allege merely that Kwoka was a non-exempt employee and "on occasions [sic] worked over 40 hours per week without ever receiving premium overtime pay." Defs. Counterclaims ¶ 44; *see also id*. ¶¶ 45–49. These allegations are plainly insufficient to state a claim for overtime pay under the FLSA or the NYLL. *See Limauro*, 2021 WL 1226872, at *2.

Moreover, Defendants' allegations do not state a claim for unpaid wages that is cognizable under the FLSA. Defendants' allegations of unpaid wages concern Kwoka's not receiving "his last paycheck nor the promised bonus at the end [of his] transition period." Defs. Counterclaims ¶ 51. Claims for the non-payment of wages that are not based on unpaid overtime or minimum wage violations do not arise under the FLSA; rather, they arise, if at all, under the NYLL. *See Scaffidi v. I.W. Indus., Inc.*, No. 05 Civ. 5746, 2007 WL 9706909, at *8 (E.D.N.Y.

5

Apr. 16, 2007). And, assuming, *arguendo*, that Defendants have stated a claim under the NYLL for non-payment, the Court declines to exercise supplemental jurisdiction over such a claim because it does not derive from a "nucleus of operative fact common to the jurisdiction-conferring claim[s]," which are based on violations of federal laws concerning trade secrets and copyright infringement. *Burgess v. Omar*, 345 F. Supp. 2d 369, 371 (S.D.N.Y. 2004) (quotation marks and citation omitted); *see also* Compl.; *supra* note 1. For the same reason, the Court also declines to exercise supplemental jurisdiction over any claim Defendants' may have under the Wage Theft Prevention Act.

Accordingly, the Court GRANTS Plaintiff's motion for judgment on the pleadings with respect to Defendants' claims for overtime pay under the FLSA and the NYLL and DISMISSES those claims and Defendants' other claims under the NYLL.

    B.  Claims Under Title VII, the NYSHRL, and the NYCHRL

Defendants allege that Plaintiff engaged in "sexually harassing and discriminatory conduct" in violation of Title VII, the NYSHRL, and the NYCHRL. Defs. Counterclaims ¶¶ 32–41. Plaintiff argues that Defendants cannot state a claim under Title VII because Kwoka failed to "first pursue available administrative remedies and file a timely complaint with the [Equal Employment Opportunity Commission ('EEOC')]." Pl. Mem. at 5–7. Plaintiff also contends that the Court should decline to exercise supplemental jurisdiction over any claims Kwoka may have under the NYSHL or the NYCHRL. Pl. Reply at 1–2, ECF No. 64. In response, Defendants state that they will "only pursue [their] sexual harassment counterclaim under the New York State law pursuant to this Court's supplemental jurisdiction and will withdraw the [f]ederal sexual harassment counterclaim." Defs. Mem. Therefore, the Court considers abandoned Defendants' claim under Title VII and shall determine only whether it shall exercise

6

supplemental jurisdiction over their claims under the NYSHRL and the NYCHRL.

The Court declines to exercise supplemental jurisdiction over Defendants' state law sexual harassment claims because, like their claims under the NYLL, they do not derive from a "nucleus of operative fact common to the jurisdiction-conferring claim[s]" based on violations of federal laws concerning trade secrets and copyright infringement. *Burgess*, 345 F. Supp. 2d at 371; *see also* Compl.; *supra* note 1. Accordingly, the Court GRANTS Plaintiff's motion for judgment on the pleadings with respect to Defendants' claim under Title VII and DISMISSES that claim and Defendants' claims under the NYSHRL and the NYCHRL.

      C.      Leave to Amend

Defendants, in the event the Court dismisses their "wage theft counterclaims," request leave to replead these claims "with sufficient specificity." Defs. Mem. Rule 15 of the Federal Rules of Civil Procedure instructs courts to "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Because the Court is not convinced that Defendants cannot cure the deficiencies in their allegations, Defendants may file a motion for leave to amend their "wage theft counterclaims" under the FLSA and the NYLL within 21 days of this order. Defendants are reminded that if they do not state a claim under the FLSA or another federal law, the Court shall not exercise supplemental jurisdiction over any wage-related state law claims.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for judgment on the pleadings with respect to Defendants' claims for overtime pay under the FLSA and the NYLL, and their claim under Title VII is GRANTED, and those claims as well as Defendants' other claims under the NYLL, the NYSHRL, and the NYCHRL are DISMISSED. By **September 28, 2022**, Defendants

may file a motion to amend their claims under the FLSA and the NYLL.

    SO ORDERED.

Dated: September 7, 2022
       New York, New York

_____
ANALISA TORRES
United States District Judge