# The Law Offices of Roger S. Thompson
**116 Pinehurst Ave., Suite D-14**
**New York, New York 10033**
**Phone:  (212) 923-5145**
**Fax:  (866) 276-8409**
**roger@thompson-ip.com**

June 5, 2023

**By ECF**

Hon. Analisa Torres, U.S.D.J.
United States District Court for the Southern District of New York
500 Pearl Street, Room 20A
New York, NY 10007

      Re:    *Bronx Conservatory of Music, Inc. v. Bronx School for Music, Inc..* et al.
              Civil Action No.: 1:21-cv-1732 (AT) (BCM)

Dear Judge Torres:

I represent the named plaintiff, The Bronx Conservatory of Music, Inc. ("BCM"), in the above captioned matter.  I write this letter to request the Court's permission to file the attached [Proposed] Sur-Reply to the Reply Brief [Dkt 89] served by the Defendants, Mr. Philip Kwoka and the Bronx School for Music, Inc. ("BSM") respecting their motion for Summary Judgment [Dkt. 81].

The basis for this request is that the Defendants, in their Reply Papers [Dkt. 89], relied upon materials newly submitted and referenced therein, and arguments newly made, to which BCM has had no opportunity to respond.

**Background**

On April 4. 2023, the Court set a deadline [Dkt. 83] for Defendants to file any responsive papers regarding their motion for Summary Judgment [Dkt. 81].  That deadline was May 12, 2023.  On May 15, 2023, Defendants filed their Reply papers herein [Dkt. 89].  The Reply papers consisted of a Reply Brief [Dkt 89 "main"] and eleven Exhibits [Dkt 89-1 through -11].  The Reply Brief (pp. 8-10) referenced a "Supplemental Declaration of Philip Kwoka" which purported to support the filing of various other Exhibits submitted therewith.  The Reply Brief then addressed the supposed merits of those Exhibits.  In actuality, no "Supplemental Declaration of Philip Kwoka" was filed, and there is no support for those Exhibits.

Hon. Annalise Torres
April 19, 2023
Page 2

In this vein, the Defendants' Reply Brief included, as attachments, declarations of Andrew Mines and Santiago Lomelin, which are referenced in the opening Memo [Dkt. 81. Pp. 16, 18]. as attached thereto but not filed. Defendants' Reply Brief [Dkt 89-1, p. 13] then identifies the Mines Declaration as Exhibit 19, which had been previously identified in the Opening Brief [Dkt. 89-1, p. 18] as a declaration of Julia Egorova. At no point, however, do the Defendants identify the Lomelin Declaration as an Exhibit by number in either Brief.

Furthermore, the Reply Brief raised a novel, and never before presented argument, that the Defendants' moving papers did not have to support all facts upon which they rely for their motion with a suitably detailed and annotated Statement of Uncontested Facts under Local Rule 56.1, because it was not necessary for the Defendants to support contested facts upon which they relied for their motion. (Reply Brief, p. 4: "[T]he R56.1 Statement serves only to present the undisputed facts, not all facts alleged by the parties …").

Additionally, the Reply Brief raises arguments for the first time that certain facts should be accepted as uncontested, because they are contested by Mr. Douglas Meyer, and for reasons set forth in the Reply Brief, the Defendants consider Mr. Meyer's testimony to be untrustworthy.

**Relief Requested**

BCM seeks leave to file the attached [Proposed] Sur-Reply Brief directed to these three newly presented arguments and factual allegations. This should not be construed as conceding the accuracy or legal sufficiency of other arguments raised in the Reply Brief, but rather that the [Proposed] Sur-Reply Brief is narrowly tailored to address only the newly presented arguments and factual allegations. The lack of merit of the previously presented arguments and factual allegations has been adequately addressed in BCM's Opposing Papers [Dkt. 87 as originally filed; Dkt. 88 as corrected].

**Argument**

Motions for leave to file a sur-reply "are subject to the sound discretion [*10] of the court." *Barbour v. Colvin*, 993 F. Supp. 2d 284, 288 (E.D.N.Y. 2014) (citation omitted). Courts grant leave to file sur-replies when they address arguments raised for the first time in a reply brief. *See, e.g., Stepski v. M/V Norasia Alya*, No. 06 Civ. 1694, 2010 U.S. Dist. LEXIS 165117, 2010 WL 11526765, at *1 (S.D.N.Y. Mar. 3, 2010). Here, it is respectfully submitted that BCM has shown good cause for the Court to grant its request to file a sur-reply because the sur-reply is directed to arguments the Defendants raise for the first time in their Reply, as shown above. *See id.*; *see also, SEC v. Ripple Labs*, 2022 U.S. Dist. LEXIS 21936, at *9 (S.D.N.Y. Feb. 3, 2022).

There being good and sufficient cause for the relief sought, early and favorable consideration is requested.

Hon. Annalise Torres
April 19, 2023
Page 3


Yours Truly,
THE LAW OFFICES OF ROGER S. THOMPSON

/s/Roger S. Thompson (RT 2117)

cc:    Marius Gebski, Esq. by ECF