```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _07/23/2024_
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
THE BRONX CONSERVATORY OF MUSIC, INC.,

                Plaintiff,

-against-

PHILIP KWOKA and THE BRONX
SCHOOL FOR MUSIC, INC.,

                Defendants.

21 Civ. 1732 (AT) (BCM)

**ORDER ADOPTING
REPORT AND
RECOMMENDATION**

ANALISA TORRES, District Judge:

Defendants, Philip Kwoka and the Bronx School for Music, move for an order reopening the case and awarding attorneys' fees pursuant to the Copyright Act, 15 U.S.C. § 505, the Lanham Act, 15 U.S.C. § 1117(a), the Defend Trade Secrets Act (DTSA), 18 U.S.C. § 1836(b)(3)(d), and the Court's inherent power. Mot., ECF No. 97. Before the Court are Petitioner's objections to the report and recommendation of the Honorable Barbara C. Moses (the "R&R"), which recommends that Defendants' motion be denied. *See* R&R, ECF No. 102; Def. Objs., ECF No. 105. For the reasons stated below, Defendants' objections are OVERRULED, and the Court ADOPTS the R&R in its entirety.

### DISCUSSION[1]

I.    Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the court reviews de novo those portions of the R&R to which objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3). However, when "a party makes only conclusory

---

[1] The Court presumes familiarity with the facts and procedural history as detailed in Judge Moses's R&R, and does not summarize them here.

or general objections, or simply reiterates the original arguments," the court reviews the R&R "strictly for clear error." *Harris v. TD Ameritrade Inc.*, 338 F. Supp. 3d 170, 174 (S.D.N.Y. 2018) (citation omitted); *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014) (citation omitted); *see also Bailey v. U.S. Citizenship & Immigr. Servs.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings . . . do not trigger de novo review."). Moreover, "a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (citation omitted).

The Court may adopt those portions of the R&R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted). An R&R is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted); *see also Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009).

II.     Defendants' Objections

First, Defendants argue that they are "unable to submit a full analysis" of the R&R because they lack "admissible transcripts" of "about 9–10 hours of telephone voice recordings" of telephone calls pertinent to the case. Def. Objs. at 3. Defendants offer no explanation why they have been unable to transcribe the phone calls in the two-and-a-half years since the recordings were produced in discovery. *See id.* Even if Defendants could supply a valid explanation, moreover, objections to a magistrate judge's report are not the proper vehicle for supplementing

the record with new evidence. *See Lesser v. TD Bank, N.A.*, 463 F. Supp. 3d 438, 445 (S.D.N.Y. 2020).

Defendants next contend that they registered copyrights for only two years of curriculum materials, but Plaintiff's complaint cites a "three-year music theory course." Def. Objs. at 3–4; *see* Compl. ¶ 25, ECF No. 1. This discrepancy does not render Plaintiff's copyright claim frivolous, particularly when Defendants began advertising the "three-year music theory course" shortly after Kwoka's resignation from the Conservatory and Kwoka made no effort to deny the copyright infringement claim upon receiving a cease-and-desist letter. *See* R&R at 7–8.

Finally, Defendants argue that the R&R "mistakenly claims that both parties were/are in similar financial condition." Def. Objs. at 4. In fact, the R&R states only that "neither the Conservatory nor the School is well-resourced" and that Plaintiff was at one point in "precarious financial condition, worsened by the COVID pandemic." R&R at 13. And, in any case, the Court agrees that "an award of fees is not . . . necessary or appropriate to advance considerations of compensation or deterrence," even considering the disparities in assets that Defendants allege.

## CONCLUSION

The Court has reviewed the remainder of the thorough and well-reasoned R&R for clear error and finds none. Accordingly, Defendants' objections are OVERRULED, the Court ADOPTS the R&R in its entirety, and Defendants' motion is DENIED. The Clerk of Court is directed to terminate the motion at ECF No. 97.

SO ORDERED.

Dated: July 23, 2024
   New York, New York

ANALISA TORRES
United States District Judge